**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| MICHAEL TURNER, DUSTIN HARVILLE, DAMEON DUDLEY, JEFFREY GORE, LASHUNDA THOMAS, and JOSEPH VENTRINI, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | No. 2:24-cv-02879-SHL-cgc |
| v. | ) ) |  |
| ALL SECURE, LLC, and GUYLON L. GREER, | ) ) ) |  |
| Defendants. | ) |  |

**ORDER DENYING DEFENDANTS' MOTION TO QUASH AS TO AREAS OF
TESTIMONY FOR DEPOSITION OF THE 30(b)(6) DEPONENT**

Before the Court is the Motion to Quash Deposition and Motion in Limine of D[e]fendant

All Secure, LLC as to Areas of Testimony for Deposition of the 30(b)(6) Deponent, filed on

August 13, 2025, by Defendants All Secure, LLC ("All Secure") and Guylon L. Greer.  (ECF

No. 41.)

On August 14, 2025, the day the deposition of All Secure's 30(b)(6) witness was

scheduled, the Court entered an Order explaining that, because Plaintiffs' time to respond to the

motion had not yet run and Defendants did not object to providing a 30(b)(6) witness to address

more than the half of the topics delineated in the 30(b)(6) notice, the Parties would be allowed to

proceed with the deposition as to the topics for which there was no dispute.  (ECF No. 42.)  The

Court explained that it would "rule on what remains from the Motion after Plaintiffs have had the

opportunity to respond." (Id. at PageID 173.)  Plaintiffs filed their response on August 21, and

explained that the deposition had been canceled.  (ECF No. 44.)[1]

For the reasons outlined below, the motion to quash is **DENIED**.  Plaintiffs shall be able

to proceed with their 30(b)(6) deposition as to all twenty-one topics listed in the 30(b)(6) notice.

## BACKGROUND

Plaintiffs filed this lawsuit on November 13, 2024, on behalf of themselves and all other

similarly situated individuals, alleging that Defendants All Secure and its owner and CEO,

Guylon Greer, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  (ECF

No. 1.)  According to the complaint, All Secure "provides 24/7 security guard services to various

businesses and apartment complexes throughout Shelby County, TN, including Fieldstone

Apartments, Centennial Gardens, and Cedar Run Apartments, among others."  (Id. at PageID 5.)

Plaintiffs allege that they and the other members of the putative class "worked for Defendants

during the relevant time period as independent contractor security officers and independent

contractor supervisor security officers."  (Id.)  The single-count complaint alleges that

Defendants misclassified Plaintiffs and the putative class members in order to avoid having to

pay them overtime as required by the FLSA.  (Id. at PageID 6.)

On March 27, 2025, Plaintiffs served discovery requests upon All Secure, as well as the

30(b)(6) notice (the "Notice"), and asked for counsel's availability in "mid-late May/early June"

---

[1] On August 26, Defendants filed a reply to Plaintiffs response without leave of Court.
(ECF No. 46.)  The Local Rules provide that, "[e]xcept as provided by LR 12.1(c) and LR
56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to
reply."  LR 7.2(c).  Because Defendants filed their reply without seeking leave to do so, the
Court does not consider it.  See Kiner v. City of Memphis, No. 23-cv-02805-SHL-tmp, 2025 WL
336201, at *2 (W.D. Tenn. Jan. 23, 2025) (explaining that the court would not consider an
unauthorized reply in support of a motion to compel); Spec's Fam. Partners, Ltd. v. First Data
Merch. Servs. Corp., No. 2:14-cv-02995-JPM, 2015 WL 6869206, at *2 (W.D. Tenn. Nov. 9,
2015).

2

to conduct the 30(b)(6) deposition.  (ECF No. 44-1 at PageID 186.)  The 30(b)(6) notice included

twenty-one topics.  (Id. at PageID 187–90.)

As the Parties were working on scheduling depositions, including for All Secure's

30(b)(6) witness, All Secure emailed Plaintiffs' counsel with a "Request for Clarification and

Objections to the Rule 30(b)(6) Notice of Deposition."  (ECF No. 44-7.)  That correspondence

foretold the Motion to Quash, and explained that Greer, as the 30(b)(6) deponent, would be

willing to address eleven of the twenty-one topics in the Notice, but objected to the remaining

topics.

As they did in the letter, Defendants assert in the Motion to Quash that topics 9–12, 17,

and 18 in the Notice "are duplicative and have been produced in the discovery conducted thus

far."  (ECF No. 41-1 at PageID 160.)  They further object to Paragraph 14 from the Notice,

asserting it "is so overly broad it is not specifically tailored to lead to any admissible evidence."

(Id.)  Defendants object to Paragraph 19, asserting that it is "vague and unclear," and the

information sought would likely "impinge on attorney client privilege."  (Id. at PageID 161.)

Finally, Defendants assert that the information covered in Paragraphs 20 and 21 is overly broad

and outside the scope of the FLSA's statute of limitations.  (Id.)

## APPLICABLE LAW

Federal Rule of Civil Procedure 30(b)(6) governs the procedure for taking a corporation's

deposition, providing that "a party may depose a corporation or organization by issuing a notice

or subpoena that 'describe[s] with reasonable particularity the matters for examination.'"  Nacco

Materials Handling Grp., Inc. v. Lilly Co., 278 F.R.D. 395, 400 (W.D. Tenn. 2011) (quoting Fed.

R. Civ. P. 30(b)(6).  "The test for reasonable particularity is whether the request places the party

upon reasonable notice of what is called for and what is not."  Jones v. Varsity Brands, LLC, No.

3

20-cv-2892-SHL-tmp, 2022 WL 1785278, at *5 (W.D. Tenn. June 1, 2022) (quoting Alvey v.

State Farm Fire & Cas. Co., No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb.

9, 2018)).  Although "prior deposition testimony from individual fact witnesses does not relieve

a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of

deposition . . . a corporation may show that the record is fully developed on a topic so that the

Rule 30(b)(6) topic is unreasonably duplicative and cumulative."  Id. (citation modified).

Federal Rule of Civil Procedure 26 applies to Rule 30(b)(6).  See Edwards v. Scripps

Media, Inc., 331 F.R.D. 116, 121–22 (E.D. Mich. 2019).  So, although the scope of discovery is

broad and "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense," a court must consider whether the discovery sought is proportional

to the needs of the case by considering such factors as "the importance of the issues at stake in

the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

26(b)(1).  Similarly, courts can limit discovery that is otherwise allowed if it "is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient,

less burdensome" or if "the party seeking discovery has had ample opportunity to obtain the

information by discovery in the action."  Edwards, 331 F.R.D at 121–22 (quoting Fed. R. Civ. P.

26(b)(2)(C)).

**ANALYSIS**

I.    **Objections Based on Overly Broad Time Frame**

Before addressing Defendants' objections to the specific topics in the Notice, the Court

begins with their general objection that the Notice is overly broad because several of its topics

seek documents going back five years, while the FLSA statute of limitations is two years

generally, and three years for willful violations. (ECF No. 41-1 at PageID 159–60 (citations

omitted).)[2] Plaintiffs counter that, not only do most of the topics provide timelines that explicitly

fall within the FLSA's three-year statute of limitations applicable to willful violations, but, to the

extent that the topics go beyond that time frame, "a relevant time period for purposes of

discovery is often broader than an actual recovery period or even when the particular acts at issue

took place." (ECF No. 44 at PageID 180 (quoting Degraffreed v. City of Memphis, No. 2:24-cv-

02230-SHL-atc, 2025 WL 848472, at *2 (W.D. Tenn. Mar. 18, 2025).)

Plaintiffs filed this lawsuit on November 13, 2024. The statute of limitations governing

willful violations of the FLSA would thus extend three years prior to that, that is, to November

13, 2021. Plaintiffs served their 30(b)(6) Notice on March 27, 2025, seeking to depose a

representative of Defendant with knowledge covering the previous five years, that is, back to

March 27, 2020. Ultimately, then, Plaintiffs are seeking a deponent who can speak to

information that reaches back, at most, less than two years before the statute of limitations. As

Plaintiffs point out, "[o]ther litigation, compliance efforts, and previous complaints within this

limited time frame are relevant to the issues of whether Defendants' conduct was willful and

whether Defendants had a good faith, reasonable belief that they were in compliance with the

FLSA." (ECF No. 44 at PageID 180.) Defendants' counterargument that "[t]here has been no

finding that the Defendants engaged in 'willful and wanton' conduct with regard to the

independent contractors working as Security Guards," is unavailing. (See ECF No. 41-1 at

---

[2] Under 29 U.S. Code § 255, an action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]"

Case 2:24-cv-02879-SHL-cgc    Document 50    Filed 09/22/25    Page 6 of 11
PageID 524

PageID 159.) After all, Plaintiffs need not have proven their case before deposing a 30(b)(6)

representative about information relevant to one of their claims. To the extent Defendants seek

to limit the time frame Plaintiffs outline in their 30(b)(6) topics, their Motion is **DENIED**.

**II.     Objections to Topics 9–12, 17, and 18**

Defendants object to topics 9–12, 17, and 18 because, they say, the topics are duplicative

of information that has previously been produced in discovery. Those topics are:

> 9. Defendant's method of scheduling or assigning work to independent contractor
> security officers and independent contractor supervisors, or other similar positions
> performing similar job duties;
> 10. Defendant's method of compensating independent contractor security officers
> and independent contractor supervisors, or other similar positions performing
> similar job duties, including overtime policies and practices that apply to or have
> been applied to them and any changes to any method(s) of compensation;
> 11. Defendant's method of recording and tracking hours/days worked and work
> performed by independent contractor security officers and independent contractor
> supervisors, or other similar positions performing similar job duties, and the
> systems and policies involved;
> 12. Defendant's policies related to any deductions from pay and discipline;
>
> . . .
>
> 17. Complaints, lawsuits, administrative filings, or threatened lawsuits relating to
> Defendant's overtime compensation policies and practices, timekeeping, and
> recordkeeping during the past five (5) years;
> 18. Investigations, complaints, inquiries, or communications by the U.S.
> Department of Labor and governmental agencies, including state and federal
> agencies, regarding Defendant's overtime compensation practices, recordkeeping,
> and/or timekeeping practices, and any payments made as a result of any such
> investigation, complaint, inquiry, or communication during the past five (5) years[.]

(ECF No. 41-2 at PageID 165, 166.)

Defendants do not assert how these topics would be unreasonably cumulative or

duplicative, or how Plaintiffs have otherwise had ample opportunity to obtain the information

elsewhere in discovery. Defendants' objection that the discovery sought from the 30(b)(6)

deponent is duplicative is the sort of boilerplate objection that is "known and detested by courts

and commentators—and receiving parties—around the nation." W. Express, Inc. v. Cathey, No.

2:24-cv-02139-SHL-atc, 2025 WL 2098598, at \*3 (W.D. Tenn. July 25, 2025) (quoting Wesley

Corp. v. Zoom T.V. Prods., LLC, No. 17-10021, 2018 WL 372700, at \*4 (E.D. Mich. Jan. 11,

2018)).  The boilerplate nature of the objection alone warrants rejecting it.

The objection is also substantively meritless.  Under Rule 30(b)(6), persons designated

for depositions "must testify about information known or reasonably available to the

organization."  As Plaintiffs explain, they "have not deposed any other company representative,

Defendant or officer of All Secure concerning any of the topics listed in the deposition notice by

discovery in the action."  (ECF No. 44 at PageID 181.)  If the act of producing documents and

other discovery responses could obviate the need for a deposition of a corporate representative,

Rule 30(b)(6) depositions would effectively be obsolete.  To the extent Defendants seek to limit

the scope of the 30(b)(6) topics based on the information sought being duplicative of information

that has previously been produced in discovery, that request is **DENIED**.

## III.    Objections to Topic 14

Defendants also object to topic 14 as being so overly broad as to not be specifically

tailored to lead to any admissible evidence.  That topic seeks this information:

> 14. Defendant's agreements and/or contracts with its customers as they relate to the
> job duties of independent contractor security officers and independent contractor
> supervisors, or other similar positions performing similar job duties[.]

(ECF No. 41-2 at PageID 165.)

Defendants assert that Plaintiffs are essentially asking them "to hand over essentially its

entire book of business for the Plaintiffs' to comb through without limitation," which is not only

"outside the needs of this litigation, but is also problematic because it would allow Plaintiffs to

use the proprietary information to compete with Defendants and solicit their clients.  (ECF No.

41-1 at PageID 160–61.)  Plaintiffs counter that, not only is the information it seeks relevant to

the central issue in this case, that is, whether Plaintiffs were misclassified, but there is also a

Protective Order in place that should alleviate Defendants' concerns about any improper use of

the information.  (ECF No. 44 at PageID 182.)  Defendants acknowledge the existence of the

Protective Order but argue, without support, that "the Protective Order will not protect the

Defendants from being prejudiced by the release of this information."  (ECF No. 41-1 at PageID

160 n.3.)

The information in Topic 14 is relevant to helping determine whether Plaintiffs were

improperly classified as independent contractors as opposed to employees.  Moreover, the broad

language in the Protective Order—almost all of which is the very language Defendants proposed

(see ECF No. 28-2)—protects against precisely what Defendants are aiming to guard against.[3]

Among other things, the Protective Order provides that "[a]ll written information, documents, or

portions of documents subject to the terms of this Order shall be used by the Parties **only for the**

**purpose of the above-captioned action** . . . and not for any other purpose whatsoever unless

otherwise provided for in this Order."  (ECF No. 29 at PageID 127.)  Additionally, any person

receiving information subject to the terms of the Protective Order has to be made aware of the

Protective Order and their obligations thereunder.  (Id. at PageID 128.)  The Parties to the

lawsuit also cannot "copy, possess, or distribute any Confidential Information in hard or

electronic format or in any format whatsoever."  (Id.)

Given that there is a Protective Order that governs precisely what Defendants seek to

guard against here, the solution is not to limit the topics of the 30(b)(6) deposition before it takes

---

[3] Defendants did not include in their proposed Protective Order any language that would
have allowed materials to be designated as viewable only by attorneys, and the Court did not
include any such language on its own.

8

place.  Instead, if a Party alleges that the Protective Order has been violated, they can seek

appropriate remedies at that time.  The Court **DENIES** Defendants' request to quash the Notice

on these grounds.

**IV.     Objections to Topics 19–21**

Defendants also object to topics 19–21, which are:

19. All verbal and electronic communications by Defendant, its owners, employees, or agents concerning the lawsuit brought by Plaintiffs;
20. Defendants' efforts to comply with the FLSA during the past five (5) years; and
21. Defendant's employee or human resource software and record maintenance system, as well as Defendant's record maintenance system relating to employee payroll information, personnel files, and other employee information or profiles.

(ECF No. 41-2 at PageID 166.)

Defendants objected to topic 20, and its five-year timespan, as being overbroad and

outside the scope of the statute of limitations of the FLSA.  For the same reasons articulated

supra, the objection based on an overly broad time frame is without merit.

As to topic 21, Plaintiffs point out that "although Defendants have not articulated a

specific objection to Paragraph 21, the parties have already come to an agreement regarding this

area of inquiry."  (ECF No. 44 at PageID 183.)

That leaves topic 19, which Defendants assert needs to be "withdrawn and reformulated"

because it is vague and unclear.  (ECF no. 41-1 at PageID 161.)  Defendants further argue that,

"to the extent that the 30(b)(6) deponent designee will be able to discuss, what, if any

conversations [may] have occurred with the Plaintiffs, and if there are any communications that

exist in electronic form, however any verbal communications that the individual Defendants, or

[its] owners may have had involving the Plaintiffs would necessarily impinge on attorney client

privilege.  If there are specific conversations that Plaintiffs[] are aware of that they want to

discuss with the designee deponent related to All Secure, LLC and its agents then this may be permissible[.]"  (ECF No. 41-1 at PageID 161.)

Topic 19 and Defendants' objection to it are both inartfully drafted.  Plaintiffs' counsel appeared to have admitted as much, however, in an email to Defendants' counsel on July 10, 2025, more than a month before Defendants filed the Motion to Quash.  (See ECF No. 44-8 ("I agree with the clarification of inquiry under areas 19, 20 and 21.").)  Then, in their response to the Motion, Plaintiffs reiterated that they "do not seek any attorney-client communications with regard to Paragraph 19."  (ECF No. 44 at PageID 183.)  Given Plaintiffs' efforts to clarify and narrow the areas of inquiry in topics 19–21—and what appear to be repeated assertions to not attempt to infringe upon the attorney-client privilege— it is unclear what more clarification or assurances Defendants need as to these topics.  The Court stops short of embracing Plaintiffs' contention that "Defendants' actions can only be described as an intentional, dilatory effort to needlessly delay the 30(b)(6) deposition of All Secure [and] to sabotage Plaintiffs' Motion to Facilitate Notice."  (ECF No. 44 at PageID 178.)  But Plaintiffs appear to have done exactly what a party should do when confronted by objections to a discovery request or 30(b)(6) deposition notice: they worked with the other side to address the objections, agreeing to clarify the request. As far as the Court can tell, those clarifications should have brought an end to any dispute at to topics 19–21.  Defendants' Motion is **DENIED** as to these requests.

## CONCLUSION

Defendants' Motion is **DENIED** in its entirety.  Defendants shall identify a 30(b)(6) deponent for all of the topics listed in the Notice consistent with the foregoing and with the

previous concessions made by Plaintiffs.[4]  Given the delay caused by Defendants, the Court

expects Defendants to move expeditiously in scheduling the delayed deposition.

      **IT IS SO ORDERED,** this 22nd day of September, 2025.


                       s/ Sheryl H. Lipman
                       SHERYL H. LIPMAN
                       CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs conclude their response by moving for several forms of relief related to the distribution of a court-authorized notice.  Although the Court acknowledges that the last-minute postponement of the 30(b)(6) deposition may have impacted Plaintiffs' ability to support a motion for court-authorized notice, especially by their July 7, 2025 deadline to do so (see ECF No. 24 at PageID 105), seeking relief from the Court in its response to Plaintiffs' Motion is inappropriate.  Moreover, Plaintiffs have separately moved for the court-authorized notice, and seek similar relief to that which they seek in their response.  (See ECF No. 45-1.)  The Court will address that motion separately.